Hemphill, Ch. J.
In tills cause, on the issue made between the parties, the jury found for the defendant, and the judgment of the court upon the verdict was, that she should have and recover her costs from the plaintiff. We have repeatedly decided that such a judgment did not determine the matter in controversy; that it was no such final judgment as would authorize an appeal. There should have been a decree or judgment, that the plaintiff take nothing by his suit, and that the defendant go" hence without day. As was said in Scott v. Burton, decided at Tyler, 1S51, the form of the judgment is immaterial; but, in substance, it must show, intrinsically and distinctly, and not inferenlially, that the matter on the record had been determined in favor of one of the litigants, or that the rights of the parties in litigation had beeu adjudicated. (See Hanks v. Thompson and Warren v. Shuman, 5 Tex. R.)
The appeal and bond in this case are mere nullities, as there was no judgment from which an appeal could by law be taken. The motion to set aside the affirmance is granted, and the motion to affirm is refused, at the costs of-the appellee.
Ordered accordingly.