J. C. CAROTHERS v. W. F. HOLLOMAN.

Decided June 25, 1903.

1.—Appeal to County Court—Final Judgment—Cross Action.

Where plaintiff sued by distress warrant in the justice court and defendant reconvened for damages, and the justice sustained a demurrer to plaintiff's evidence and thereupon rendered a judgment for defendant for all costs of suit, but did not dispose of such cross-action, there was not such a final judgment as would support an appeal to the county court.

2.—Same—Jurisdiction—Fundamental Error.

The county court's want of jurisdiction will be taken notice of by the appellate court, although no objection on that ground was made below.

Error from the County Court of Calhoun. Tried below before Hon. M. S. Mahon.

*Dabney & Lockett,* for plaintiff in error.

No brief for defendant in error.

GARRETT, CHIEF JUSTICE.—Holloman brought suit in a justice court against Carothers on a claim for $115, rent, and took out a distress warrant which was levied on cotton and corn grown on the rented premises. The defendant replevied the property, and filed a cross-action for damages for $150 for a breach of the contract. The result of the trial in the Justice Court is shown by the following entry upon the docket of the justice of the peace:

"On this the 17th day of November, 1902, came on to be heard this cause, when both plaintiff and defendant appeared in person and by attorneys and announced ready for trial, a jury having been waived in said cause, when defendant entered a demurrer to said evidence, which said demurrer was sustained by the court and judgment entered in favor of defendant for all costs in this behalf expended, for which execution may issue."

The plaintiff appealed to the County Court, and a trial there resulted in favor of the plaintiff against the defendant for the sum of $84.68, from which the defendant has come to this court by writ of error, and asks that the judgment of the court be reversed and the cause dismissed because there was no final judgment in the Justice Court from which an appeal could be had to the County Court. If there was no final judgment in the Justice Court the appeal to the County Court was a nullity, and the County Court did not acquire jurisdiction of the cause, and this court will take notice of the want of jurisdiction without the necessity of objection in the County Court. Hancock v. Metz, 7 Texas, 177; 13 Am. and Eng. Enc. of Law, 26. The judgment of the Justice Court sustained the demurrer to the evidence and adjudged the costs in favor of the defendant. This would probably have been a good final judgment disposing of the plaintiff's

cause·of action, but for the plea in reconvention. The judgment did not dispose of the cross-action, except that in general terms it adjudged the costs to the defendant. It has been held that a judgment is not final which does not dispose·of a cross-action or plea in reconvention. Am. Road Machine Co. v. City of Crockett, 49 S. W. Rep., 251; Clopton v. Herring, 26 S. W. Rep., 1104; Texas and P. Ry. Co. v. Street Ry. Co., 75 Texas, 83.

The judgment of the court below is reversed and the cause will be remanded to the County Court of Calhoun County, with instructions to dismiss the appeal.

*Reversed and remanded.*