HALL S. CRAIN ET AL. v. NATIONAL LIFE INSURANCE COMPANY OF
THE UNITED STATES OF AMERICA.

Decided June 12, 1909.

**1.—Vendor and Vendee—Sale of Land—Executory Contract—Recovery of Land
—Estoppel.**

The assignee of notes given for the purchase price of land secured by a
vendor's lien, who takes a conveyance of the vendor's superior title has the
the same right to recover the land on nonpayment of the notes as the original
vendor would have; and the mere payment of a portion of the purchase money
and the erection of improvements by the vendee, though erected with the knowl-
edge of the vendor, the several endorsees of the notes, or of the assignee, will
not estop him from recovering the land on his superior title, either at law or
in equity.

**2.—Same.**

The fact that some of the purchase money notes, by the indulgence of the
holder, were not promptly paid at maturity, and that all of them were permitted
to mature before suit was brought to recover the land by the assignee of the
notes, who had acquired the vendor's superior title, did not estop him from
recovering the land on such title.

**3.—Same—Tender of Purchase Money.**

When the action is to recover the land on nonpayment of the vendor's
lien notes, the vendee can only defeat recovery by paying or tendering uncondi-
tionally into court the balance of the purchase money represented by the notes.
An offer to allow the plaintiff to take a foreclosure and to pay the notes, on
conditions, that plaintiff will allow a certain number of days to raise the money,
settle all litigation, and that the title was good, constitutes no defense to the
action.

**4.—Same—Charge—Immaterial Issue.**

Where, in trespass to try title, it conclusively appeared from the evidence
that plaintiff was entitled to recover on his superior title acquired from the
vendor for nonpayment of the vendor's lien notes, the issue of whether a deed
executed by the vendee to plaintiff was intended as an absolute deed or a
mortgage, became immaterial, and there was no error in refusing to submit such
issue.

**5.—Verdict—Crossbill.**

Where in trespass to try title, the defendants by cross-bill sought a judg-
ment against the plaintiff for the value of improvements placed on the land and
the amount of purchase money paid on it, in the event of recovery by plaintiff
to be paid before a writ of possession was awarded, and the verdict and judgment
were in favor of plaintiff for the land unconditionally, the crossbill was disposed
of. The failure to grant the relief sought was in itself a disallowance of the
same.

Appeal from the District Court of Kaufman County. Tried below
before Hon. F. L. Hawkins.

*Lee R. Stroud* and *Ed Sewell,* for appellants.—The vendor in an
executory contract will not be permitted to disaffirm it for nonpay-
ment of the purchase money when he has received part of the pur-
chase money, or when valuable improvements have been made by the
vendee, or when, from any reason, it would be inequitable for the
vendor to recover possession, if the vendee is willing to complete pay-

ment.  Moore v. Giesecke, 76 Texas, 545; Hamblen v. Folts, 70 Texas, 132; Tom v. Wollhoefer, 61 Texas, 281; Codington v. Wells, 59 Texas, 49; McPherson v. Johnson, 69 Texas, 484; Estell v. Cole, 52 Texas, 170; McCord v. Hames, 85 S. W. Rep., 507.

*Locke & Locke,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action of trespass to try title in statutory form, brought by appellee against appellants to recover a lot or parcel of land, a part of the J. H. Conner addition to the town of Forney, situated in Kaufman County, Texas. The land was conveyed by W. G. Fleming and his wife, Alice Fleming, to appellant Crain, by deed dated August 28, 1903.  The consideration recited in this deed is $150 cash and twenty-five notes of even date with the deed, the notes numbered from one to ten, inclusive, being for the sum of fifty dollars each and from number eleven to twenty-five, inclusive, being for the sum of forty dollars each, maturing in their serial order, one on or before the first day of each month from October 1, 1903, to October 1, 1905.  Each of said notes bore interest at the rate of ten percent per annum, payable annually, and provided for the payment of ten percent attorney's fees.  The vendor's lien was expressly reserved in the deed from Fleming and wife to Crain to secure the payment of said notes.  Five of the notes, amounting to $250, and about $75 interest, were paid. By a regular chain of transfers from Fleming down to appellee it became the owner and holder of the remaining unpaid twenty notes on September 4, 1905, and on December 12, 1905, appellee procured a conveyance from Fleming and wife of all their right, title and interest in said land.  Crain established the homestead of himself and wife on the land shortly after he purchased, and made improvements upon it of about the value of one thousand dollars.  On January 10, 1905, appellants being indebted to appellee, conveyed the land to appellee for a recited consideration of $1450 and the assumption of the payment of the said twenty unpaid purchase money notes due by Crain.  Appellants failed to pay the vendor's lien notes held by appellee, denied that it had any title by reason of the deed executed by them January 10, 1905, and being in possession of the land this suit was instituted by appellee to recover it.  Before the suit was filed no formal notice of rescission of the sale was given by plaintiff or any other person.  Defendant Crain and wife pleaded not guilty and specially, and by way of cross-action, in substance, that the conveyance made by them to appellee January 10, 1905, was intended as a mortgage and was void because at the time of its execution the property therein described constituted their homestead; that by the conduct of Fleming the payee of the unpaid lien notes, and the endorsees of said notes while said notes were in their hands, respectively, covering a period of about two years, in failing to sue or to give notice that a rescission of the contract would be insisted upon, etc., and in suffering valuable improvements to be made upon the land, the right to rescind and recover the land has been waived, and that appellee's only remedy was a suit on the notes and fore-

closure of the vendor's lien.   The answer then, in effect, admitted that plaintiff's debt was just and unpaid, and that a foreclosure of the vendor's lien should be had.   It expressed a willingness to pay the debt, and stated that defendants could and would pay the same by getting another to do so for them, provided the appellee would allow them ten or twenty days for that purpose, and would settle the litigation and relinquish its title by virtue of the deed executed by them January 10, 1905, and provided also the title to the property was good.   They prayed that in the event plaintiff recovered the land that defendants have judgment against plaintiff for all sums paid thereon, and for the value of the improvements placed upon the land by them, to be paid before writ of possession was awarded, such amount to be exempt from plaintiff's demands.   Upon the conclusion of the evidence the court directed the jury to return a verdict in favor of appellee for the land.   This was done and judgment entered accordingly.   The recovery sought by the defendants was not mentioned in the verdict or judgment, but the land was awarded to the plaintiff unconditionally.

The controlling question arising upon the appeal is whether or not any cause of action was shown, either in law or equity, against appellee for the return of the purchase price paid by appellants for the land in controversy or for the recovery of the value of the improvements made thereon by them.   The general rule that where the vendor, or those claiming under him, has done nothing to waive the right he may in every case of an executory sale of land, as in this case, when the vendor makes default in the payment of the purchase money, maintain a suit for the recovery of the land, is not questioned.   Nor is the rule, which is well established, that the assignee of notes given for the purchase price of land secured by a vendor's lien, who takes a conveyance of the vendor's interest has the same right to recover the land on nonpayment of the notes as the original vendor would have; but the appellants contend that the facts and circumstances shown in the case at bar are such as would have justified the jury in finding a waiver of such right and that it would be inequitable for plaintiff to recover the land without paying for the improvements placed thereon and returning the amount of the purchase money paid by them.   In this contention we do not concur. We have been unable to discover any act done by appellee or those through whom it claims, amounting to such affirmance of the contract of sale as would estop it from asserting and enforcing its superior title, acquired from Fleming, to the land.   The mere payment of a portion of the purchase money and the erection of improvements by appellants, although erected with the knowledge of Fleming, the several endorsees of the notes, or of appellee, would not be sufficient either in law or equity.   Moore v. Giesecke, 76 Texas, 545.   Neither would the fact that some of the purchase money notes by the indulgence of the holder, were not promptly paid at maturity, and that all of them were permitted to mature before this suit was brought.   As shown, the notes were executed September 1, 1903, and held by Fleming until the early part of the year, 1904. During this time five of them were paid, one six days after it was

due, one two months and eleven days after it was due and the others, whether paid at maturity or afterwards is not shown. The remaining twenty notes were then transferred by simple endorsement and without any conveyance of the superior title to Mrs. M. E. Riggs. She continued to hold the same, all of them maturing in her hands except one, and no payment being made on the same, until September, 1905, when she transferred them to appellee. Soon after the notes were acquired by the appellee, possession of the premises was demanded of appellants and by them refused. In December, 1905, a conveyance of the superior title was obtained by it from Fleming. Appellants were in possession of the land all the time, promising to pay the notes and the owners of them had a right to assume that they would fulfill their promise until they discovered their intention not to do so. As a matter of fact the amount of improvements to be made on the land in question was not mentioned between the parties and no knowledge of any agreement that they should be made was shown to have been possessed by Fleming, and as said by counsel for appellee, Roddy's authority, as agent of Fleming, to hold the notes and collect them as they fell due certainly did not authorize him to destroy his principal's title to the property. Nor did the defendants offer to allow the plaintiff to take a foreclosure and pay the notes constitute a defense to the action to recover the land. There was no tender or payment of the money into court, and the offers were made, as has been stated, upon condition, that appellee would allow ten or twenty days to raise the money through some other person, and would settle the litigation and relinquish its title by virtue of the deed, made by appellants to it January 10, 1905, and provided further, that the title to the land was good. These conditions destroyed any efficacy, if any, which the offers might otherwise have possessed to defeat a recovery of the land, and in the attitude of the case appellants could only defeat such recovery, upon this branch of the case, by paying or tendering unconditionally into court the balance of the purchase money represented by the vendor's lien notes held by appellee. Stone Land & Cattle Co. v. Boon, 73 Texas, 548; Polk v. Kyser, 21 Texas Civ. App., 676; Rutherford v. Mothershed, 42 Texas Civ. App., 360; Walsh v. Ford, 27 Texas Civ. App., 573. We conclude that the evidence established beyond controversy that appellee was entitled to recover the land, and this being true, the court did not err in not submitting to the jury the question whether or not the deed made by appellants to appellee, dated January 10, 1905, conveying their homestead was intended by the parties to be an absolute conveyance of the land or a mortgage to secure an existing indebtedness. If it was shown conclusively by the evidence, as we hold it was, that appellee was entitled to recover the land by reason of the superior title acquired from Fleming and because of the failure of appellants to pay or tender into court the balance due on the unpaid purchase money notes held by it then the instructed verdict was proper, notwithstanding the evidence raised an issue as to whether the deed referred to was an absolute conveyance or a mere mortgage. In such case the determination of the

latter question was not necessary to a decision of the case and its submission to the jury wholly unnecessary.

Appellants' ninth and tenth assignments are to the effect that the verdict and judgment rendered in the District Court wholly fail to dispose of the "issue or suit," arising upon their cross-bill for improvements, etc., and therefore the court erred in receiving such verdict, and in entering such judgment and they should not be allowed to stand. We are of the opinion the verdict and judgment effectually disposed of the cross-action. The prayer of the cross-bill was that "if the plaintiff should recover the land . . . it should first be required to do equity by refunding," etc., and further, that in such event the defendants have judgment against plaintiff for certain sums "to be first paid defendant by the plaintiff before the plaintiff has a writ of possession or any judgment rendered or executed for possession, as against him." The verdict and judgment were in favor of the appellee for the land unconditionally, and there being nothing in the record from which it appears that it was not so intended, such verdict and judgment was conclusive of all issues. "It is now the settled law of Texas that where a plaintiff seeks relief under each of several causes of action and the jury returns a verdict on one of them, but does not mention any of the others and judgment is rendered in conformity with the verdict, they both dispose of all the other causes of action as effectually as if the same had been expressly disallowed. The mere failure to grant the relief sought is in itself a disallowance of the same." Rackley v. Fowlkes, 89 Texas, 613; Davies v. Thompson, 92 Texas, 391. So, too, in suits where the defendant was sued for debt and he pleaded in reconvention for damages, it has been held that a general verdict in favor of the plaintiff and judgment in accordance therewith finally disposed of all the matters in issue between the parties. Lewis v. Smith, 43 S. W., 294; Bemus v. Donigan, 18 Texas Civ. App., 125. In the present case appellants, by their cross-action, sought a judgment against the appellee only as a condition precedent to its recovery of the land, and the award of the land to it unconditionally was equivalent to an express finding against them on such action.

Finding no error in the record the judgment is affirmed.

*Affirmed.*