## CLAY v. MARMAR.

(Court of Civil Appeals of Texas. Texarkana. May 1, 1913. On Rehearing, May 22, 1913.)

1. TROVER AND CONVERSION (§ 22*)—ACTION—DEFENSES.

In an action to recover possession of a diamond stud or its value, where it appeared that plaintiff, on default of defendant's deceased husband, for whom he was surety, was compelled to pay certain notes, and that the husband had pledged the stud to plaintiff, and afterwards procured it from him to wear on a certain occasion, and died without having returned the same, as he had promised to do, a plea that plaintiff had in his possession other personal property, to which defendant was entitled, and asking for judgment therefor. stated no cause of action against the plaintiff.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 152–162, 167–169; Dec. Dig. § 22.*]

2. APPEAL AND ERROR (§ 80*)—ACTION FOR CONVERSION—DISPOSITION OF ALL ISSUES.

In an action to recover possession of a diamond stud or its value, alleging a lien thereon and its conversion by the defendant, with a plea in reconvention that plaintiff had in his possession personal property of greater value, to which defendant was entitled, and a claim for damage for the same or its value, a judgment entered only on the plaintiff's claim for relief disposed of all the issues, even assuming the plea in intervention to have been sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

3. TROVER AND CONVERSION (§ 40*)—ACTION—SUFFICIENCY OF EVIDENCE.

Evidence in an action to recover possession of a diamond stud or its value, alleging a lien thereon and its conversion by defendant, *held* sufficient to sustain a finding that defendant had converted it.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 232–244; Dec. Dig. § 40.*]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Action by K. Marmar against Mrs. T. J. Clay. Judgment for plaintiff, and defendant appeals. Affirmed.

Brice & Beaird, of Tyler, for appellant. Lasseter, McIlwaine & Gentry, of Tyler, for appellee.

HODGES, J. The appellee instituted this suit against the appellant to recover a diamond stud or its value. It is alleged that appellee had a lien on the diamond, and that it had been converted by the appellant. Appellant answered by a general denial, and also pleaded in reconvention that appellee had in his possession personal property, to which she was entitled, aggregating $850, and asked a judgment for the same or its value.

The jury returned a general verdict for the plaintiff in the suit, but the court entered a judgment only on the plaintiff's claim for relief, as set forth in his original petition. No disposition was made of the plea in reconvention filed by the appellant. In that state of the record, this court is without

jurisdiction; no final judgment having been rendered from which an appeal can be prosecuted. In order to make the judgment final, the plea in reconvention should have been disposed of. T. & P. Ry. Co. v. Ft. Worth Street Ry. Co., 75 Tex. 83, 12 S. W. 977; Carothers v. Holloman, 33 Tex. Civ. App. 131, 75 S. W. 1084.

The appeal is dismissed.

### On Rehearing.

The appellee instituted this suit against the appellant in the county court of Smith county to recover the possession of a diamond stud or its value. It is alleged in the original petition that in 1909 the appellee became a surety for one T. J. Clay, the deceased husband of the appellant, on three promissory notes, aggregating, with interest and attorney's fees, the sum of $495.03; that on account of the default of Clay appellee was compelled to pay those notes after their maturity; that during his lifetime T. J. Clay, in order to secure the prompt payment of the notes referred to, and to protect the appellee as surety thereon, mortgaged and pledged to the appellee a certain diamond stud, of the reasonable value of $250; that afterwards T. J. Clay procured from appellee the possession of said diamond, with the understanding that it was to be returned within a few days; that Clay died without having returned the same; and that the diamond has since been converted by the appellant, his widow and only heir. The appellant answered by a general denial, and also pleaded in reconvention for the recovery of some other personal property held by appellee, or its value. Judgment was rendered for the plaintiff in the court below for the diamond sued for, and it was provided that, in the event this was not produced, execution should issue for its value.

[1, 2] At a former day of this term we dismissed this appeal, upon the ground that, the trial court having failed to dispose of the cross-action in the judgment rendered, there was no final judgment from which an appeal could be prosecuted, and that this court was without jurisdiction. Upon further consideration of the pleadings, we have concluded that this was error. A more careful inspection of the pleading upon which the cross-action is based has convinced us that it states no cause of action against the plaintiff, and that it might have been wholly ignored by the trial court. We are also inclined to think that, should this pleading be considered sufficient, the judgment rendered should be construed as having disposed of all the issues. Crain v. Nat. Life Ins. Co., 56 Tex. Civ. App. 406, 120 S. W. 1098, and cases cited.

[3] The principal ground relied on for a reversal of this case is that in which the sufficiency of the evidence to support the verdict is questioned. The evidence conclusively established the fact that T. J. Clay was the deceased husband of the appellant; that in 1909, prior to his death, he pledged a diamond stud to the appellee to protect him as surety on the notes referred to in the petition, and delivered possession of the jewel at the time; that he thereafter borrowed it back for the purpose of wearing it upon a certain occasion, promising to return it; that he died soon thereafter, without doing so; and that all his personal property passed to the possession of his wife, the appellant. While the evidence does not conclusively show that the appellant has converted to her own use this particular diamond, it is sufficient to support a finding by the jury that she had.

There is no merit in the remaining assignments, and the judgment of dismissal is set aside, and the judgment of the county court is affirmed.