## SPEER v. HANSEN. (No. 6012.)

(Court of Civil Appeals of Texas. Austin. March 7, 1919. On Motion for Rehearing, May 20, 1919.)

1. EVIDENCE ⟢419(13)—PAROL EVIDENCE— CONSIDERATION.

A contract for sale of land may be varied by showing the real consideration agreed on.

On Motion for Rehearing. ·

2. CANCELLATION OF INSTRUMENTS ⟢37(4) —PLEADING—DOING EQUITY.

In trespass to try title, cross-action by defendant seeking to recover amount paid down on contract for sale of land *held*, under the pleadings, not defeated by failure to offer to pay rent for land held by her, where it was alleged in supplemental answer that she actually did pay rent.

3. VENDOR AND PURCHASER ⟢337—RECOVERY OF PURCHASE MONEY—EQUITABLE LIEN —SALE OF LAND—SURPLUS.

On sale of land to enforce equitable lien of purchaser under contract for sale of land for purchase money paid, surplus arising from sale of land belongs to owner of land.

Appeal from District Court, Falls County; W. A. Patrick, Judge.

Trespass to try title by Lon A. Speer against Mrs. C. F. Hansen, in which defendant filed cross-action against plaintiff. From the judgment rendered, plaintiff appeals. Reformed, and affirmed as reformed.

Spivey, Bartlett & Carter, of Marlin, for appellant.

Farmer & Farmer, of Waco, and Oltorf & Oltorf, of Marlin, for appellee.

KEY, C. J. This suit commenced as an ordinary action of trespass to try title, appellant being the plaintiff, and appellee the defendant.

In her answer appellee pleaded a contract, by the terms of which appellant had agreed to sell her the tract of land sued for at an agreed price of $75 per acre, aggregating the sum of $5,587.50. She alleged that she made a cash payment of $750, and agreed to execute notes for the balance when appellant executed to her a deed for the land. She also alleged that he had refused to execute such deed, thereby breaching the contract; and, instead of asking for a judgment for specific performance, she sought to recover judgment for the cash payment she had made, together with interest thereon.

In the second paragraph of the appellee's answer she recited the fact that she and the appellant had formerly entered into a contract by which she was to purchase from appellant a certain house and lot in the town of Chilton, in Falls county, Tex., and that as part of that transaction she delivered to appellant $750, and took possession of the house and lot.

The third, fourth, and fifth paragraphs of her answer read as follows:

"(3) Defendant alleges that she continued to reside upon said premises and retained possession of same until on or about the 1st day of August, 1914, on which date defendant removed to that certain tract of land described in plaintiff's petition, under an agreement between said parties hereinafter set forth, and remained in possession of said premises last referred to until on or about the 7th day of February, 1917, on which date defendant was wrongfully and illegally ousted from said premises under a writ of sequestration plaintiff caused to be issued by the clerk of this court. ·

"(4) Defendant alleges that on or about the 1st day of August, 1914, as aforesaid, plaintiff and defendant began negotiations with the view of plaintiff selling said tract of land described in plaintiff's petition to defendant in lieu of said house and lot situated in the town of Chilton as aforesaid, and pending such negotiations defendant, on or about the day and date aforesaid, took possession of said tract of land aforesaid for the purpose of carrying out certain rental contracts made between plaintiff and other parties, such crops and premises having been abandoned by such third parties; that such negotiations for the sale of said premises continued at intervals from August 1, 1914, until defendant was wrongfully and illegally ousted from the possession of said premises as aforesaid.

"(5) That upon various and sundry days and dates between about August 1, 1914, and up to January 1, 1916, plaintiff agreed to sell and convey said tract of land described in plaintiff's petition to the defendant for the sum of $75 per acre, and to apply said sum of $750 paid to plaintiff by defendant as a cash payment on the purchase price of said town property as above alleged, as the cash payment on said farm tract, defendant to execute her notes for the remainder of the purchase money for said farm tract, all of which was agreed to by and between plaintiff and defendant."

The sixth paragraph of the answer alleges that appellant had fraudulently breached his obligation to execute to appellee a warranty deed to the land. The seventh paragraph alleges that she was at all times ready, able, and willing to perform her part of the contract, but could not do so because of the failure of appellant to execute to her a deed as he had promised to do, and concludes with prayer that the plaintiff take nothing by his suit, and in the alternative that, if he obtained a judgment for the land, she have judgment against him for $750, with interest thereon, and foreclosure of an equitable lien upon the land to satisfy such judgment.

Appellant, in a supplemental petition, replied to the answer and cross-action referred to, which reply contained a general demurrer, several special exceptions, and special answer, in which it was alleged that appellant and appellee entered into a con-

---

tract by which the former was to sell to the latter the land in controversy; and that as part of that contract the sale of the house and lot in Chilton was canceled, and it was agreed that appellant was to retain $100 of the $750 which appellee had paid him upon the former contract, for interest then due, and that the remaining $650 was to be retained by appellant as a cash payment for the 74½ acres of land in controversy in this suit.

Appellant set up several other facts, which we deem it unnecessary to set out in full in this opinion.

In a supplemental answer appellee presented several special exceptions to the matters set up in appellant's special plea in his supplemental petition. The trial court overruled appellant's general demurrer to appellee's cross-action, and sustained appellee's special exceptions to appellant's plea, setting up certain facts as an alleged defense to the cross-action.

The case was submitted to a jury upon special issues, and upon the answers thereto judgment was rendered for appellant for the recovery of the land, and for appellee for $750 and interest at 6 per cent. thereon, together with foreclosure of an equitable lien upon the land; and appellant has brought the case to this court for revision.

Appellant's first assignment of error complains of the action of the trial court in overruling his general demurrer to appellee's cross-action, and under that assignment he submits the following proposition:

"The pleadings having resolved the case into an equitable action for rescission, the defendant having alleged that she had had the use and enjoyment of the premises for two years, and having shown the price at which she purchased, and the amount of the cash payment as compared with the total consideration, and not having shown that it would be inequitable to give up the land without return of her cash payment, and not having offered to perform, her pleadings showed no equity, and hence the above exception should have been sustained."

That proposition embodies a sound principle of law. Banks v. McQuatters, 57 S. W. 334; Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290; Crain v. Nat. Life Ins. Co., 56 Tex. Civ. App. 406, 120 S. W. 1098; Hughes v. Burton Lbr. Co., 188 S. W. 1022.

Counsel for appellee contend that the rule of law referred to is not applicable to this case, because the pleading setting up the cross-action shows that appellee took possession of the land as a tenant, and so occupied the same during all the time referred to in her petition, and therefore she was not required to make any further showing.

We are not prepared to concede the correctness of that proposition, but, if it be correct, it has no application to this case, because, while appellee alleged that she took possession of the land for the purpose of carrying out certain rental contracts between appellant and other parties, the crops and premises having been abandoned by said third parties, she does not allege how long the rental contracts referred to were to continue, nor that she had complied with their terms, and she does allege that at various times between August 1, 1914, and January 1, 1916, appellant agreed to sell and convey the land to her upon terms therein stated, and she also alleges that she took possession of the land about the 1st day of August, 1914, and remained in possession until about the 7th day of February, 1917, at which date she alleges she was wrongfully ousted under a writ of sequestration, which appellant had caused to be issued. Having pleaded these facts, and shown that she had had the possession and use of the premises for more than two years, and not having alleged that she was holding it all the time under a rental contract, and compliance by her with its terms, we hold that she was not entitled to recover on account of the cash payment she had made under the contract of sale, without offering to account for the value of the use of the premises.

Perhaps the leading case in this state upon the subject of rescission of contracts for the sale of real estate is Moore v. Giesecke, 76 Tex. 543, 13 S. W. 290, and, among other things, it is there said:

"We repeat what has already been said when we say that, when the vendor's suit is predicated upon the mere refusal of the vendee to pay the whole consideration contracted for, the facts that the vendee has paid part of the consideration and made valuable improvements, coupled with possession of the property, unaided by some other sufficient equity, will not entitle him to recover for such purchase money or improvements. In such cases, when the vendor has neither waived his legal rights nor committed any default, he cannot be involuntarily taxed with improvements made upon his property without his consent, or be made to pay a price for recovering it back.

"The remedy by rescission is not favored, and, as has been said, slight circumstances, when they may be properly treated as indicative of a purpose upon the part of the vendor not to insist on that remedy, may be treated as a waiver of the right to rescind, unless its maintenance becomes necessary to enable the vendor to enforce the payment of the consideration for which he has contracted to sell the land; and when a suit for the recovery back of the land has been brought, where any portion of the purchase money has been paid, or where valuable and permanent improvements have been placed upon the land by the vendee or by purchasers under him, and the defendant when sued brings into court and offers to pay the balance of the purchase money with costs of suit, unless there exist strong countervailing equities, the money ought to be received and a recovery of the land denied. On the other hand, when the vendee does not seek to perform the contract, and the vendor shows himself entitled to recover back the land, then, before

he should be compelled as a condition of its reacquisition to pay for improvements or refund purchase money, equitable right to such relief should be shown by the vendee. It should appear that it will not be unjust to the vendor to so charge him."

Hence we conclude that the trial court committed error when it overruled the general demurrer to appellee's plea asserting her cross-action.

Error is also assigned upon the action of the court in sustaining certain special exceptions to a special plea filed by appellant. We, think the rulings referred to were correct, and overrule the assignments based thereon.

[1] Notwithstanding the written memorandum of the contract, which was signed by the parties, appellee had the right to show how much and what was the real consideration she paid and agreed to pay for the land in controversy, and we overrule the assignment complaining of the admission of such testimony.

Several other questions are presented in appellant's brief, which we deem it unnecessary to consider in detail, and we rule against appellant on all of them.

For the reason heretofore stated, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

[2] Both parties have submitted motions for rehearing in this case, and the one presented by appellee has been granted, and appellant's has been overruled, with the exception hereafter noted.

In deciding this case, this court proceeded upon a misunderstanding concerning appellee's pleading. That oversight is attributable to this writer, and he assumes sole responsibility for the mistake referred to.

On account of that mistake, this court disposed of the appeal upon the theory that appellee's pleading showed that she had enjoyed the possession and use of the premises for more than two years, and failed to allege that she was holding it all of that time under a contract of rent with the appellant, and that she had complied with its terms. In the opinion heretofore filed the writer set out what was then believed to be all the pleadings relating to that subject. But, as a matter of fact, in appellee's supplemental answer she alleged that—

"Pending the negotiations between plaintiff and defendant with reference to the performance by plaintiff of his said contract of sale, defendant agreed to pay, and did pay, plaintiff rent on said premises on the basis of one-fourth of the cotton and cotton seed, and one-third of the corn raised on said premises, all of which defendant has paid to plaintiff."

That allegation, in connection with those copied in our former opinion, takes the case out of the rule of law announced and considered applicable in our former opinion; and therefore this court fell into error when it reversed the case upon that ground.

[3] As shown by our former opinion, all of the other questions presented in appellant's brief had been duly considered, but, as requested by appellant's motion for a rehearing, they have been considered again, with the conclusion that they should all be decided against appellant, except one. That question is presented by the second assignment of error, which charges that the court erred in decreeing a foreclosure of the lien created by the judgment and ordering the sale of the land in controversy, and directing that the proceeds, after satisfaction of defendant's judgment, should be paid over to the defendant, because any balance of proceeds of the sale should have been decreed to the plaintiff. The proposition of law asserted in that assignment is correct.

By the decree of the trial court the land in controversy was awarded to the plaintiff, subject to the defendant's claim against the plaintiff for $750 and interest, and when the latter is satisfied from the proceeds of the sale of the land, as decreed by the judgment of the court, the excess of such proceeds, if, any there be, should be paid to the owner of the land, who is the plaintiff in this litigation, and not to the defendant, who does not own the land, and has no interest in it beyond her lien to secure the payment of the $750 awarded to her. Therefore the judgment will be reformed so as to require such excess to be paid to appellant, Lon A. Speer, who was plaintiff in the court below, and as thus reformed it will be affirmed, and the costs of this appeal taxed against appellee.

We do not care to discuss the other questions presented in appellant's brief further than to 'say that the findings of the jury, which are not without evidence to support them, support the judgment that was rendered, and that the court did not abuse its discretion when it taxed the costs against the appellant. According to the findings of the jury, the appellant breached the contract to sell the land to appellee; and therefore she was entitled to an equitable lien to secure the $750 payment she had made upon the contract, and was entitled to hold possession of the land until her debt was paid. This being the case, and it appearing from the findings of the jury that appellant was wholly in the wrong, and that appellee was free from blame, we do not think the trial court abused its discretion in adjudging the costs of that court against appellant.

Rehearing granted, and judgment reformed and affirmed.

Rehearing granted.

Judgment reformed and affirmed.