**BODDY v. PETRO et al. (No. 10580.)**

(Court of Civil Appeals of Texas. Fort Worth. April 5, 1924.)

1. **Appeal and error ⚖︎722(1)—Grounds set out in motion for new trial in lower court constitute assignments of error in appellate court.**

The grounds set out in the motion for new trial in the trial court, when the case is tried before a jury, constitute the assignments of error in the appellate court, if the motion for new trial is overruled.

2. **Appeal and error ⚖︎722(1)—Assignment of error not a substantial copy of grounds alleged in motion for new trial which were too indefinite to constitute assignments of error not reviewed.**

The appellate court could not consider an assignment of error, where it was not a substantial copy of any of the grounds alleged in the motion for new trial in the trial court, and the grounds alleged in the motion for new trial were all too general and indefinite to constitute proper assignments of error.

3. **Appeal and error ⚖︎719(7)—Charge of trial court not considered fundamental error, where determination by appellate court would require examination of entire statement of facts.**

The giving of a charge by the trial court cannot be considered as fundamental error, reviewable in absence of proper assignment of error, where the determination thereof by the appellate court would require an examination of the entire statement of facts.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Action by the Beacon Refining Company, a joint-stock association, against J. T. Petro and others, in which J. T. Petro and W. L. Arthur filed a petition against their codefendants asking partition of an oil lease, to which H. Boddy, a codefendant, filed a cross-action. Judgment for plaintiff against H. Boddy and against defendants for partition. From a judgment denying his cross-action against his codefendants, H. Boddy appeals. Affirmed.

Wantland, Dickey & Glasgow, of Henrietta, and Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellant.

Stine & Stine, of Henrietta, for appellees.

DUNKLIN, J. The Beacon Refining Company, a joint-stock association, instituted this suit against J. T. Petro and several others to recover a debt in the sum of $501, alleged to be owing by the defendants for crude oil furnished them by the plaintiff for the development of an oil lease owned by all the defendants.

In the same suit J. T. Petro and W. L. Arthur, two of the defendants, filed a petition against their codefendants in the suit, alleging that all of those parties were the joint owners of the lease, and asking for a partition of the same between them. All of the parties interested in the lease consented to such a partition, except H. Boddy, who alleged that he had expended the sum of $1,304.28 in the development of the lease, for which he was entitled to a lien upon the interests of his co-owners, and he prayed that the property be sold for the purposes of partition, and that his lien be first satisfied out of the proceeds, and that the balance of the proceeds be partitioned among the several owners.

Boddy alleged that he was the owner of the title to a 40-acre tract of land, and that he entered into an agreement with his codefendants looking to the development of the land for the production of oil, by the terms of which he leased the land to his codefendants, and agreed with them at the same time that he, himself, would take an interest with them in the lease. The instrument pleaded, which was later introduced in evidence, stipulated that Boddy reserved to himself a one-eighth royalty of all the oil and gas that might be produced from the land, and that in addition to such royalty he should receive nine-sixteenths of the remaining seven-eighths of oil and gas that might be produc-

---

ed. Following that provision, the instrument contained these stipulations:

"A test well on said premises having been heretofore commenced and partially drilled, with a rig and material now on the premises, it is agreed by the parties that further and additional drilling is to be done in said well with the present rig and material as it now exists on the ground, and no further charge is to be made by any one for the use of such rig and material, but the title and ownership therein is not hereby altered or disturbed, but it is admitted that the said H. Boddy is the owner of 35 joints of 4-inch pipe and tool joints named in a certain receipt of August 30, 1921, signed H. Davis. It is agreed by all the parties that H. Boddy is the agent of each of them, and is expressly given the management and control of the drilling and other operations hereunder on said premises, and in further drilling on the said well above mentioned the other signers are not required to contribute any additional money therefor; but in all future drilling, other than upon said well, each party hereto shall contribute the proportionate part of the money for such drilling and all operations hereunder, as his interest in the leased premises bears to the entire leasehold, and, failing to contribute same in said proportion, the other owners so contributing have the option either of holding, and they are hereby expressly given a lien on the entire interest of such person in default, not only as to the well aforesaid, but all other interest he may have, as security for his said proportionate part, or they may terminate his interest in all of said premises except as to wells then producing oil or gas, and to this end it is expressly understood that the other parties are not required to give credit to the party so in default, but are expressly given the right to exercise and invoke at their discretion either remedy hereinabove provided; and it is furthermore agreed that additional drilling will not be undertaken with the rig and material on the premises, and that the owner or owners thereof cannot enforce the use of same, but other and better rigs and material will have to be provided for at the expense of the parties in the proportion above mentioned.

"At the completion of the well hereinbefore mentioned as being partly drilled, if the same should prove to be a dry hole, then and in that event all rights of the parties hereto as lessees shall terminate, and the said Boddy shall thereupon be reinvested with all rights as though no such contract had been made, unless all the parties hereto shall within 30 days after such completion elect and decide to do further and additional drilling on the premises. It is further agreed that the said H. Boddy shall at his own expense, without charge against any of the other parties, furnish necessary means and funds, other than those hereinabove already provided for, to complete the present well with reasonable dispatch, unless oil or gas is found in paying quantities at a lesser depth."

The evidence shows that oil was found in the test well mentioned in the lease at a shallower depth than 1,450 feet, and the amount which Boddy claimed should be repaid him before his associates should receive their pro rata part of the lease was for expenses incurred and paid by Boddy for the equipment of the well so that oil might be procured therefrom after it had been first struck.

Judgment was rendered in favor of the plaintiff, the Beacon Refining Company, against H. Boddy for $284.50, for oil which the plaintiff alleged it furnished to all the defendants, but plaintiff was denied a recovery on that claim as against the other defendants. No complaint is made of that part of the judgment. The judgment also decreed a partition of the lease between all the defendants in the case, and directed that the lease be sold for the purposes of such partition, and no complaint is made of that portion of the judgment. The judgment further decreed that H. Boddy was not entitled to recover of his codefendants on his cross-action for expenses incurred by him in equipping the well for use after oil had been struck. H. Boddy alone has appealed, and his complaint in this court is confined to that portion of the judgment.

By the pleadings of the parties an issue was made as to whether it was understood by and between the parties to the agreement above referred to that Boddy's contract to complete the well, which had already been begun when the contract was entered into, included the cost of equipping it with casing and pumping appliances after oil was discovered, or whether it was the understanding between the parties that the well would be considered a completed well as soon as oil in paying quantities was struck, and that the expense of equipping it would be borne by the parties interested therein in proportion to the interest owned by each. The case was tried before a jury, and the court peremptorily instructed a verdict adverse to Boddy's cross-action.

The following were the grounds urged by Boddy in his motion for new trial: (1) That the verdict is contrary to the evidence; (2) that the verdict is contrary to law; (3) that the verdict is contrary to both law and evidence; (4) for errors complained of during the time of said trial, all of which appear manifest by bills of exception, to which action of the court the defendant Boddy then and there duly excepted.

[1] It is a familiar rule that the grounds set out in the motion for new trial in the court below, when the case was tried before a jury, constitute the assignments of error in the appellate court, if the motion for new trial is overruled.

[2, 3] The only assignment of error presented in this court by Boddy reads as follows:

"The court erred in holding as a matter of law that the well in controversy was not a completed well until placed upon the pump, and in refusing to permit defendant Boddy to have the

question as to what was a completed well determined by the jury."

And the only proposition submitted under that assignment reads as follows:

"The question as to what is a completed well is a question of fact to be determined by the jury and not a question of law to be determined by the court."

Under that proposition the terms of the lease are set out, but no evidence, aside from the instrument, is set out or referred to to show the understanding of the parties as to whether or not the well would be considered as completed when oil was reached, or whether it would not be considered as completed until it was cased and equipped with tubing and ready for pumping.

But, aside from that observation, we are of the opinion that the assignment of error presented in appellant's brief cannot be considered. In the first place, it is not a copy, or substantial copy, of any of the grounds alleged in the motion for new trial in the court below; in the second place, the grounds alleged in the motion for new trial are all too general and indefinite to constitute proper assignments of error. The record shows several bills of exception to testimony introduced, objections to which were made by appellant for different reasons. The fourth ground set out in the motion for new trial embraces all of those bills of exception in general terms, and the assignment presented in this court is not germane to any of the objections shown by those bills. Nor can the charge given by the court be considered as fundamental error, since to determine whether or not it constituted error at all would require an examination of the entire statement of facts. Reed v. Thomason (Tex. Civ. App.) 241 S. W. 518, and authorities there cited, including Roberson v. Hughes, 231 S. W. 734, by the Commission of Appeals.

The judgment of the trial court is affirmed.