## MEDINO v. SHEPPARD.

(Court of Civil Appeals of Texas. Beaumont. May 28, 1925.)

**1. Appeal and error ⬤⟿722(1)—Assignments of error, in motion for new trial, are assignments on appeal.**

Assignments of error, in appellant's motion for new trial, are his assignments on appeal, where no other assignments were filed below.

**2. Appeal and error ⬤⟿302(5)—Assignment of error, in motion for new trial, held too general to be considered.**

Assignment of error, in motion for new trial, that court erred in rendering judgment because he did not dispose of all parties to the suit, *held* too general to be considered by reviewing tribunal.

**3. Chattel mortgages ⬤⟿283—Judgment in suit to foreclose mortgage held to dispose of all parties and issues.**

In a suit to foreclose chattel mortgage and for judgment against purchasers of mortgaged property, general judgment in favor of plaintiff against mortgagor for the debt and foreclosure of mortgage lien *held* to dispose of all parties and issues, though it was irregular in form, and failed to mention by name other defendants.

Appeal from Henderson County Court; Joe A. Johnson, Judge.

Suit by J. A. Sheppard against Graciano Medino and others, with counterclaim by the named defendant. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Miller & Miller, of Athens, for appellant.

Justice, Justice, Davis & Sigler, of Athens, for appellee.

O'QUINN, J. Sheppard sued Medino in the county court of Henderson county, Tex., on a note and an open account, and to foreclose a chattel mortgage given on certain personal property and crops for the year 1922, to secure payment of said note and account. In his petition, plaintiff alleged that Dodge Gentry, Peel Dodson, W. W. Jackson, and C. E. Antle purchased certain bales of cotton from defendant Medino, upon which he (plaintiff) had a lien by reason of his mortgage, and prayed for judgment against defendant Medino for the debt and foreclosure of the mortgage, and for judgment against the purchasers of said cotton for the value of the cotton by each purchased, and for relief generally.

Defendant Medino answered by general demurrer, special exceptions, general denial, and specially "that he charges emphatically and with vigor that, taking the proceeds of the sale of said 15 bales of cotton, and deducting therefrom all of the alleged additional indebtedness, leaves a balance in favor of defendant of $274.35, which defendant is entitled to recover of this plaintiff," and for which he prayed judgment.

The defendants Gentry, Dodson, Jackson, and Antle answered by general demurrer, special exceptions, general denial, and specially that the cotton sold by Medino to them, complained of by plaintiff, had been sold with the knowledge and consent of the plaintiff, and that he had ratified such sales.

To the answers of the several defendants, plaintiff replied by supplemental petition, denying all the allegations in their answers. The case was tried to a jury upon special issues, upon the answers to which judgment was rendered for the plaintiff in the sum of

$603.20, being principal, interest, and attorney's fees, and for the foreclosure of the mortgage lien. It appearing to the court that the property mentioned in the mortgage had been sequestrated by the plaintiff, and that the defendant Medino had replevied same, the value of same being placed in the replevy bond at $402, judgment was rendered against defendant Medino and his sureties on said replevy bond for $402, with interest at 6 per cent. From this judgment Medino has appealed.

Appellant presents but one question. He asserts that the judgment does not dispose of all the parties and issues in the case. He insists that Gentry, Dodson, Jackson, and Antle were interveners, and that their rights as such interveners were not disposed of. Appellant's assignment of error is:

"Because the court erred in rendering a judgment in this case against the defendant Graciano Medino and the sureties on his replevy bond, without at the same time disposing of the interveners Dodge Gentry, Peel Dodson, W. W. Jackson, and C. E. Antle."

[1, 2] The record fails to disclose that appellant made any such assignment of error in the lower court. He did not file any assignments of error in the court below, but he did file an elaborate motion for a new trial, and under the rules the assignments in his motion for new trial are his assignments here. In the motion for new trial, the assignment in his brief (copied above) does not appear. In said motion, the ninth paragraph or reason urged for new trial is:

"Because the court erred in rendering a judgment in this case, because he does not dispose of all the parties to this suit."

[3] The assignment in appellant's brief is materially different from the one in the motion for new trial. Salliway v. Grand Lodge (Tex. Civ. App.) 164 S. W. 1041. The assignment in the motion is too general and cannot be considered. It does not point out specifically any error. Boddy v. Petro (Tex. Civ. App.) 260 S. W. 675. In order to determine whether the judgment fails to dispose of all the parties and issues, the entire pleadings of the parties and the evidence in the case would have to be inspected. There is no statement of facts, so the evidence upon which the judgment is based is not shown, and the issues raised by the evidence cannot be ascertained. However, if the assignment should be considered, we do not think it is well taken. Gentry, Dodson, Jackson, and Antle were defendants, not interveners. They were made parties defendant by plaintiff, and they appeared and answered as such, and prayed that plaintiff take nothing as against them. They did not intervene, as contended by appellant, and set up rights as interveners. In the judgment, plaintiff did not recover anything as against them. The judgment being general in favor of appellee against appellant, Medino, for the debt and foreclosure of the mortgage lien, we think it disposed of all the parties and issues, for plaintiff had brought these other defendants into court and asked for judgment against them, and the judgment, though being irregular in form, and failing to mention by name these other defendants, by implication found against appellee and in favor of said defendants, thus effectually disposing of said parties, and the cause of action asserted against them. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229, 231; Crain v. National Life Ins. Co., 56 Tex. Civ. App. 406, 120 S. W. 1098, 1101.

No error appearing, the judgment is affirmed.