**GRAHAM et al. v. NICHOLSON et al.**
No. 4210.

Court of Civil Appeals of Texas. Texarkana.
June 16, 1932.

Rehearing Denied July 7, 1932.

Riley Strickland, of Amarillo, and Syd Reagan and Ghent Sanderford, both of Longview, for appellants.

Bramlette & Meredith, of Longview, and Wallace Hawkins, of Dallas, for appellees.

LEVY, J. (after stating the case as above).

■■ The point chiefly relied on by the appellants as controlling the disposition of the case is quite fully stated in their brief that "appellants earnestly insist that the testimony showing clearly that the land was homestead and showing clearly that the obligations had either been paid or duly extended, and showing uncontradictedly that Mrs. Graham did not execute the deed in question of reconveyance of the land, the plaintiffs were entitled to a peremptory instruction to the jury to return a verdict in their favor." The proposition asserted by the appellants would undoubtedly be correct in legal view that it would not be allowable for W. R. Nicholson as holder of the superior title to predicate the right of rescission or to recover the land un-

der the deed of reconveyance of December 10, 1929; the installments of the vendor's lien note and all the interest having at the time of the deed been paid or the date of payment duly extended. There is doubt, though, in view of the pleading and the evidence considered as a whole, that it can properly be said the right of W. R. Nicholson to recover the land must depend solely upon the validity of the deed of reconveyance. Although the evidence may be regarded as affirmatively showing the installment notes and interest payable at the date of the deed were paid or duly extended, yet it further conclusively appears from the evidence in the interval of time subsequent to the deed of December 10, 1929, and to the date of the filing of the plaintiffs' suit on August 26, 1931, the conditions had changed respecting the payments of the installments and interest payable as the purchase price of the land. In that period of time there had become due and remained unpaid and unrenewed certain installments and interest of the vendor's lien note. The evidence conclusively showed that on February 28, 1931, when the lease was made to the Magnolia Petroleum Company, and as well as the date the suit was filed in August, 1931, there was past-due and unpaid the annual interest on the vendor's lien note and the installment note of $105.87 payable November 18, 1930, and the two extension notes of March and November, 1930. These two extension notes were claimed by appellants to include all interest and installments due up to and including November, 1929. It was expressly provided in the vendor's lien note "that failure to pay this note or any installment as above promised or any interest thereon when due shall at the election of the holder of said note, mature said note, and it shall at once become due and payable and the vendor's lien shall become subject to foreclosure proceedings as the holder may elect." The deeds also expressly retained the vendor's lien. When W. R. Nicholson sold the land in 1921, he reserved the superior title, and retained, and at the time of the trial was the owner and holder of, the notes. L. M. Graham expressly assumed such vendor's lien notes, and which assumption was accepted by W. R. Nicholson. The liability of L. M. Graham is not doubted. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672. And in the circumstances noted, the question may be regarded as altogether one of the right of the holder of the superior title, as W. R. Nicholson was, after default is made in payment of the purchase price to recover the land upon the strength of his superior title as an unsatisfied vendor. There is support in the cases of the point that W. R. Nicholson can recover the land, having elected, as he did, to sue in trespass to try title to recover the land. Hale v. Baker & Rice, 60 Tex. 217; Evans v. Ashe, 50 Tex. Civ. App. 54, 108 S. W. 398, 1190; Crain v. Nat. Life Ins. Co., 56 Tex. Civ. App. 406, 120 S. W. 1098; Imperial Sugar Co. v. Cabell (Tex. Civ. App.) 179 S. W. 83; Texas Bank & Trust Co. v. Austin, 115 Tex. 201, 280 S. W. 161; Toler v. King (Tex. Civ. App.) 11 S.W.(2d) 360. It can therefore be assumed that the deed of reconveyance of the land, of date December 10, 1929, was void and ineffectual and that W. R. Nicholson could predicate no right on such deed. Yet it does not follow that by virtue of such deed, ineffectual and void as to Mrs. Graham, W. R. Nicholson in any wise waived or lost and may not avail himself of his rights as the holder of the superior title. Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314; Reyes v. Kingman Texas Imp. Co. (Tex. Civ. App.) 188 S. W. 450; Evans v. Bentley, 9 Tex. Civ. App. 112, 29 S. W. 497, 36 S. W. 1070. It conclusively appears that on February 28, 1931, when there were past-due and unpaid lien notes and interest, W. R. Nicholson elected to rescind the sale by executing an oil and gas lease on the land to the Magnolia Petroleum Company. At that time W. R. Nicholson was in possession of the land, and L. M. Graham and wife were not occupying same and had failed to pay any taxes due and had so acted as to create the reasonable belief to W. R. Nicholson that they had abandoned it. L. M. Graham and wife had notice of such possession and lease by W. R. Nicholson. And it is further evident, that, after the present suit of the appellants was filed, W. R. Nicholson elected, as he did, by way of cross-action, to sue in trespass to try title to recover the title and possession of the land, both the surface and oil estate. And it was upon this cross-action that the court on the merits of the case adjudged to W. R. Nicholson the title and possession of the land. The judgment as rendered by the court on the merits of the case was that the plaintiffs take nothing by their suit against the defendants, and that the defendant W. R. Nicholson "upon said cross action" recover "the title and possession of the land involved." His recovery may be referred to the factual element of being the holder of the superior title. The plaintiffs claimed no other title than under the purchase from W. R. Nicholson, and did not plead or prove any equities existing in their favor outside of that arising from the ineffectual reconveyance by deed of December 10, 1929.

It is believed there is no reversible error appearing and that the judgment should be in all things affirmed.