## DUKE v. GILBREATH et al.   (No. 419.)

Court of Civil Appeals of Texas.   Eastland.
Dec. 9, 1927.

Rehearing Denied Feb. 3, 1928.

**1. Appeal and error ⬯456—Appellate court, on original application pending appeal, may issue temporary injunction to restrain sale of property levied on to satisfy judgment sought to be annulled.**

Pending appeal from order of district court denying temporary injunction in suit to annul judgment, on application to appellate court, temporary injunction may be issued restraining sale of property under execution based on judgment sought to be annulled.

**2. Judgment ⬯584—Decree fully disposing of suit to set aside judgment if not vacated held bar to further prosecution of such suit.**

Decree in suit in equity to set aside personal judgment fully disposing of suit not vacated *held* bar to further prosecution of suit to set aside judgment, regardless of merits.

**3. Judgment ⬯518—Attack by supplemental petition on previous decree disposing of suit to set aside former judgment held "collateral attack" preventing consideration of evidence aliunde record.**

Attack on decree in suit to prevent enforcement of former judgment disposing of issues only by supplemental petition is "collateral attack" preventing contradiction of recitals of judgment by evidence aliunde record.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral Attack.]

**4. Judgment ⬯499—In collateral attack, recitals of judgment cannot be contradicted by evidence aliunde record.**

In collateral attack on judgment, its recitals cannot be contradicted by evidence aliunde the record.

---

**5. Judgment ⬠499—Recitals of decree in suit to annul judgment rendered on agreement by parties cannot be contradicted on collateral attack.**

Recitals of decree in suit to annul judgment, rendered on agreement by plaintiff in person, together with his attorneys, with adversaries and their attorneys, in open court, on evidence, cannot be contradicted on collateral attack, and only ground which can be urged against it in subsequent proceedings in same case is that it was not final.

**6. Judgment ⬠564(1)—Decree in suit to annul judgment, if not final, held not to bar subsequent proceedings.**

Decree in suit to annul judgment, if not final, has no force or effect as decree, and will not bar subsequent proceedings therein.

**7. Judgment ⬠217—"Final decree" must dispose of all issues between all parties and of all parties to suit, but parties or issues need not always be specifically named.**

Decree to be final must dispose of all issues between all parties and of all parties to suit, but need not always specifically name parties or issues in each instance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**8. Judgment ⬠217—Final decree may be so drawn as to dispose of issues and parties by implication.**

Final decree may be so drawn as to dispose of issues as well as parties by implication.

**9. Judgment ⬠217—Decree in suit to annul judgment dissolving injunction except as to plaintiff's homestead held final, though not dealing with sheriff as party to suit.**

In suit against judgment creditors and sheriff to annul former judgment and for injunction, decree dissolving injunction except as to sale of plaintiff's homestead, refusing to set aside judgment against plaintiff, and fully disposing of case *held* final, preventing further proceedings, though sheriff, who was merely nominal party, was not specifically dealt with therein.

**10. Judgment ⬠217—Order permitting filing amended petition and order revoking such order subsequent to final decree held not to affect finality of decree.**

In action to annul judgment order subsequent to final decree, permitting filing of amended petition and order revoking such order do not amount to construction by court of effect of decree, so as to prevent its being final and prohibiting further proceedings in cause.

On Motion for Rehearing.

**11. Judgment ⬠518—Even if supplemental petition in suit to annul judgment is not excepted to, it may be regarded as collateral attack on prior decree.**

In suit to annul judgment, failure to except to supplemental petition filed after court entered final decree did not have effect of preventing such supplemental petition from being regarded as collateral attack on such decree.

**12. Appeal and error ⬠742(1)—Submitting proposition of well-established law without citing authorities, though not to be commended, requires application of proposition.**

Practice of submitting proposition of well-established law on appeal without citing authorities is not be commended, but nevertheless requires the court to consider and apply the same.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Joe N. Duke against J. T. Gilbreath and others to annul a judgment. From an order denying a temporary injunction and a judgment of dismissal, plaintiff appeals. Affirmed, and temporary injunction issued by the appellate court dissolved.

Ralph D. Pittman, of Wichita Falls, Callaway & Callaway, of Comanche, Scott, Brelsford, McCarty & Brelsford, of Eastland, and Bonner, Bonner & Fryer, of Wichita Falls (Wm. N. Bonner, of Wichita Falls, of counsel), for appellant.

Grisham Bros., of Eastland, for appellees.

PANNILL, C. J. The points presented for decision can probably be best understood from a detailed statement of the proceedings leading up to the judgment appealed from, which last named is a judgment denying relief sought by appellant in the form of a bill of review from the obligations of a prior judgment against him. The matters disclosed by the record are: That on December 14, 1925, a personal judgment was entered in the district court of Eastland county against appellant for the sum of $8,041.95, with interest. Execution issued on this judgment to Comanche county and appellant thereupon brought this suit in the district court of said county last named to annul the judgment on which the execution had issued. Temporary injunction was ordered by the judge of the district court of Comanche county. The parties to that suit, as well as in the present proceeding, were appellant, as plaintiff, Clark Cunningham, and E. Cunningham, in whose favor the judgment was rendered against appellant, together with appellee Gilbreath, the sheriff (in whose hands execution was), as defendants. In the Comanche county district court the defendants just named filed a motion to dissolve the injunction and to transfer the cause to the district court of Eastland county. The motion to transfer was sustained and after the transfer the district court of Eastland county set the motion to dissolve for hearing for July 18, 1927. On this date the parties appeared and the following judgment was entered, to wit:

After giving the style and number of the cause:

"On this July 18, 1927, came on to be heard the above styled and numbered cause, said cause

coming on to be heard upon motion of E. Cunningham and Clark Cunningham to dissolve the injunction heretofore granted by the district judge of the Fifty-Second district, and which injunction was returned to this court; the movants Clark Cunningham and E. Cunningham announced that they would not contest the right of the plaintiff, J. N. Duke, to designate out of any of his lands in Comanche county 200 acres. It is therefore ordered that the following land which the said J. N. Duke announces that he will designate as his homestead be and the same is hereby adjudged to be the homestead of the said J. N. Duke, free from the execution enjoined in this cause: [Here follows a description of the land.]"

"It is further ordered that the motion of E. Cunningham and Clark Cunningham as to all other matters be and the same is hereby sustained; and in this connection the court finds that the citation regularly issued for J. N. Duke in the case of E. Cunningham et al. v. Paramount Oil & Gas Company et al. (No. 8565), and that the said J. N. Duke was a stockholder in said company, and that all remaining portions of the said land described in the execution and as levied on out of said cause is subject to execution and such other processes as the said E. Cunningham and Clark Cunningham may elect under the law on which same may be sold to satisfy the judgment in said cause No. 8565; and the court refuses to set aside the judgment in said cause, and finds against plaintiff, J. N. Duke, on all of his allegations with reference to same, with the exception of the finding above with reference to his homestead rights.

"It is further ordered that the plaintiff, J. N. Duke, pay the cost accrued in this cause Nos, 8278 and 12890, and $15 of the sheriff's cost in the levy that has heretofore been made and enjoined, and that E. Cunningham and Clark Cunningham pay $6 of said sheriff's cost.

"All parties, both plaintiff, J. N. Duke, and the defendants Clark Cunningham and E. Cunningham, being present, and the said J. N. Duke being represented by Messrs. Callaway and Callaway of Comanche, Tex., and the said E. Cunningham and Clark Cunningham being represented by Grisham Bros., of Eastland, Tex., and in open court agreed to the entry of the judgment as herein set forth and said judgment is further entered by the court upon the court's finding of the law and fact in keeping with the judgment, and the same is adopted as the judgment of the court and the same is so ordered."

During the same term at which the above judgment was rendered, and on August 31, 1927, an order was entered permitting appellant to file his first-amended original petition. And in the same cause on September 3, 1927, the last day of the term, there was entered on the minutes another order revoking the one last referred to, because entered through inadvertence.

On September 17, 1927, appellant filed his first-amended original petition seeking to set aside the personal judgment rendered against him December 14, 1925, as shown above. This petition contained every requirement necessary for the relief sought against the judgment sought to be annulled, but made no reference to the judgment of July 18, 1927.

September 26, 1927, was designated by the court as the time for hearing the amended petition of appellant, and appellees, the Cunninghams, then filed their plea in abatement, pleading the judgment of July 18, 1927, in bar of the amended petition. Appellant replied by supplemental petition and for the first time attacked the judgment of July 18th. The grounds of invalidity asserted against the decree last named was that it was not final, entered without the consent of appellant, and against his express instructions to his counsel, and without evidence. The plea in abatement was sustained and appellant's amended petition dismissed, resulting in this appeal.

[1] Upon original application made to this court, a temporary writ of injunction was issued here, restraining the sale of the property of appellant levied upon, pending a hearing in this court of his appeal from the order of the district court denying him a temporary injunction. The restraining order was granted here under the authority of Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 17; Bird v. Alexander (Tex. Civ. App.) 288 S. W. 606; Cleveland v. Ward (Tex. Sup.) 285 S. W. 1063; Genitempo v. Anderson (Tex. Civ. App.) 245 S. W. 270; Texas Farm Bureau Cotton Ass'n v. Lennox et al. (Tex. Sup.) 297 S. W. 743.

[2] The record exceeds the ordinary one in volume, and, as in all cases where a previous decree is attacked, the facts are more or less involved and the pleadings lengthy. In this case the plaintiff's petition with the exhibits exceeds 100 pages of the transcript. A large portion of the voluminous recitals of the petition are taken up in showing that appellant, Duke, had a meritorious defense to the suit brought against him by the appellees Cunningham, and presenting an excuse as to why he did not answer that suit, and also in showing that the citation issued and served upon him was invalid. It must be conceded that appellant has made a very strong case with respect to his meritorious defense, and alleges a state of facts which show that there was not even an issue raising the question of his liability. It also appears he presented a valid excuse for not answering the suit against him and raised an issue of fact as to the validity of the citation served upon him, but conceding that he was not in fact liable to the Cunninghams on the claim they asserted against him, and that he presents a valid excuse for not answering that claim in court, and that the citation served upon him was so defective as not to require him to answer plaintiff's petition, yet there remains the fact that in this suit brought by him to set aside the judgment rendered that a decree was entered when he was in court and represented

by counsel, which we believe, as will be hereinafter more fully shown, fully disposed of his suit to set aside the judgment and that this decree, if not vacated, is a bar to the further prosecution of the suit to set aside the judgment in the original suit in which judgment against the appellant was entered.

[3-5] As has already been stated, the appellant's amended petition made no reference to the judgment of July 18th. That judgment was pleaded in bar of his suit. By supplemental petition, and by supplemental petition only, was the judgment of July 18th attacked, and under the authorities the attack, being by supplemental petition, is collateral. It is well settled that in a collateral attack on a judgment its recitals cannot be contradicted by evidence aliunde the record. The decree dated July 18th purports to have been rendered upon an agreement made by appellant in person, together with his attorneys and appellees and their attorneys in open court and upon evidence introduced sustaining the agreement. Therefore, under the rules relating to judgments, these recitals cannot be contradicted where the attack is collateral, and every ground urged against the judgment of July 18th is eliminated except that it is not final. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759; Cockrell v. Steffens (Tex. Civ. App.) 284 S. W. 608.

[6] If the judgment of July 18th is not a final judgment, but merely an interlocutory order, it has no force nor effect as a decree, and could not be made a bar to appellant's suit. Gathings v. Robertson (Tex. Com. App.) 276 S. W. 218. But, if said judgment is a final decree, then it is not subject to the collateral attack made upon it by appellant and is a complete bar to his suit, and the trial court was correct in dismissing his petition.

[7, 8] The case last cited is the principal one relied upon by appellant as supporting his view that the judgment of July 18th does not in terms dispose of J. T. Gilbreath, the sheriff, and one of the parties to the suit, and it is further claimed that the decretal part of said judgment nowhere disposes of the issue then before the court as to the validity of the former judgment, but that the court merely found facts which would sustain a decree to the effect that the former judgment was valid without so decreeing it. It is a universal rule applied in determining the finality of a judgment that to be final a decree must dispose of all the issues between all the parties and of all the parties to the suit. It is not always required, however, that the parties or the issues be in each instance specifically named. A decree may be so drawn as to dispose of issues as well as parties by implication. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, where it was decided that a cross-action, though not specifically mentioned, was disposed of by judgment by

implication. Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229, where the judgment failed in terms to dispose of one of the parties to the suit and the Supreme Court held that it did so by implication. To the same effect is Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707, in a case where there were two defendants and only one of them was named in the decretal part of the judgment, that the judgment was nevertheless final as to both defendants. See, also, Graves v. Campbell, 74 Tex. 576, 12 S. W. 238.

[9] It will be noticed that, in the judgment of July 18th copied above, the decree of the court dissolves the injunction except as to the sale of the 200-acre homestead, decrees a refusal to set aside the judgment against appellant, and awards and adjudges all the cost against the parties named in the decree. When it is considered that Gilbreath was merely a nominal party to the suit and having no interest therein of any kind except as to cost, it is believed that the decree when it dissolved the injunction, which was the only thing sought against him, adjudged the specific part of the cost to be paid by the respective parties, and decreed a refusal to set aside the judgment against appellant, finally and fully disposed of the entire case and all the parties thereto. Nail v. Taylor (Tex. Civ. App.) 223 S. W. 719.

Gathings v. Robertson, supra, is not considered to be at all in conflict with the pronouncement just made. In that case there was a suit on a promissory note against the receiver of the principal maker, a corporation, and against the sureties. A judgment was rendered against the sureties without in any manner disposing of the receiver, and the decision there made does not, it is believed, furnish an analogy of sufficient directness to control the question being considered.

[10] Considerable emphasis is placed by both parties upon the order entered by the court on August 31, 1927, permitting the filing of the amended petition, and the order of September 3, 1927, revoking the permission previously given. Little importance is attached here to said orders, as they appear to be without controlling legal effect on the outstanding issues in this case. The order of August 31st does not purport to set aside the previous judgment nor to grant a new trial. It is urged that it is a construction by the court of the effect of the judgment of July 18th. If it was it could not affect the validity of that judgment, if it was in fact final.

"The prior or subsequent statements of the court as to its intention when the judgment was rendered cannot be used to sustain or explain it. A judgment must be construed as written." Freeman on Judgments (5th Ed.) p. 132; Hightower v. Bennight, 53 Tex. Civ. App. 120, 115 S. W. 875.

Therefore, as to whether the court's subsequent action in setting aside his order grant-

ing appellant permission to file his amended petition was invalid because entered on the last day of the term without notice becomes immaterial.

Enough has been said to indicate, we believe, the controlling reasons why the judgment of the trial court denying appellant's temporary injunction and dismissing his suit was correct, and for the reasons stated the judgment of the trial court is affirmed. The temporary injunction heretofore issued by this court is dissolved, and the costs of both the trial court and this court is adjudged against the appellant and the sureties upon his several appeal and injunction bonds, and it is so ordered.

### On Motion for Rehearing.

[11] In a very elaborate and forceful motion for rehearing appellant attacks the original decision herein on two principal grounds. The first is that this court has raised against appellant a question not raised by the appellee and that the attack by supplemental petition made by appellant on the judgment of July 18, 1927, not having been excepted to by appellees, should be considered as though pleaded by an amended petition, and therefore regarded as a direct attack.

Appellant is in error in his belief that appellees did not raise the question of collateral attack as relates to the judgment entered on July 18th. On page 18 of appellees' brief is this statement:

"The attack upon the judgment of July 18, 1927, is a collateral attack and without any reason whatsoever which would justify same, either in law or in fact."

[12] It is true that appellees did not cite the authorities shown in the original opinion and the practice of submitting propositions without also citing the authorities is not to be commended, but this court has several times recently had occasion to review the authorities, and, when a proposition of law is asserted with which it is familiar, its duty to apply it is plain. The question has been before this court in two cases, one cited in the original opinion, and the other in Texas Pacific Coal & Oil Co. v. Ames (Tex. Civ. App.) 284 S. W. 315. The decision by the Commission in the same case is to be found in (Tex. Com. App.) 292 S. W. 191.

The case last referred to is controlling against appellant's proposition that the failure of appellees to except to his supplemental petition prevents said supplemental petition from being regarded as a collateral attack on the judgment of July 18th. In the case last referred to the plaintiff brought suit for a debt. The defendant pleaded in bar thereof a judgment. By supplemental petition the plaintiff attacked the judgment as being void for lack of jurisdiction by the court over the subject-matter. On the trial the defendant made no objection to the attack on the judgment being raised by supplemental petition, but agreed to a state of facts which supported the allegations in the supplemental petition showing the judgment pleaded by the defendant to be void. This court held that, while the attack by supplemental petition was collateral, the defendant's conduct in stipulating and agreeing to the facts which showed its judgment to be void had the same effect as though the facts so stipulated and admitted had been incorporated in the judgment, and followed the rule declared in Freeman on Judgments and in 34 C. J. p. 531, that in such cases the facts so admitted were to be regarded as being recited in the judgment, as constituting the evidence upon which it was rendered, and would therefore invalidate the judgment.

A writ of error was granted and the Commission of Appeals held that the defendant's failure to object to the course taken by the plaintiffs did not alter the situation, but that an attack on a judgment by supplemental petition was collateral, and that evidence aliunde, "though introduced without objection, is incompetent to impeach the absolute verity which the law ascribes to such judgment as against a collateral attack made upon it." There was no objection to the supplemental pleading in any manner. The effect of this decision requires us to overrule the contention noted.

If the plaintiffs' original petition had in any manner assailed the judgment of July 18th, additional grounds urged by supplemental petition without objection might be regarded as a direct attack, but where a judgment is in no manner assailed by the plaintiff in his original petition, but after it is pleaded by the defendant for the first time an assault is made upon it in a supplemental petition, the authorities all hold that such an attack is collateral because the purpose and object of the suit is not to set aside the judgment, but the attempt to invalidate the decree arises only incidentally. No reason is suggested why defendant should be required to except to his adversary's collateral attack on his judgment. In such cases no duty rests upon the defendant to give the plaintiff a better writ.

Therefore the motion for rehearing will be overruled.