## MINATREE et al. v. STITH.
### No. 2132.

Court of Civil Appeals of Texas. Eastland.
April 25, 1941.

Cox & Hayden, of Abilene, for appellants.

Cunningham & Oliver, of Abilene, for appellee.

LESLIE, Chief Justice.

Mrs. Eula T. Stith, a widow, instituted this suit against E. J. Minatree, J. P. Gary, Charles Motz, trustee, and the Texas Wool & Mohair Company, a corporation, and its trustee, Herman Diebitsch. The suit was to recover on a vendor's lien note, foreclose the lien on a certain tract of land and to establish superior right of plaintiff as against possible claims of some of the defendants. The trial, before the court without a jury, resulted in a judgment for the plaintiff for the unpaid balance of the note, foreclosure of the lien and otherwise adverse to the claims and defenses of the defendants.

E. J. Minatree and J. P. Gary alone appeal.

In substance the suit is based on the following facts: February 1, 1926, D. P. Proctor conveyed the 24 acres of land involved to J. L. Minatree who executed in part payment therefor a $500 vendor's lien note of even date, due on or before December 1, 1926. June 7, 1926, Proctor sold and transferred the note and lien, together with all right, title and interest in the land to Will Stith. Subsequently Will Stith died, and his widow, plaintiff herein, became the sole devisee under his will. About February 2, 1931, said J. L. Minatree entered into an agreement with John Sayles, independent executor of the Will Stith estate, for an extension of the note and lien. Thereafter, on April 23, 1932, said J. L. Minatree conveyed the land to E. J. Minatree, who assumed the payment of the extended note and recognized the lien securing it.

Said E. J. Minatree obtained an extension of said indebtedness and lien. This was effected through an agreement with Mrs. Eula T. Stith (plaintiff) January 31, 1934, and a new note for $450 of even date

was executed, payable in $75 installments to Mrs. Stith, and providing for interest, attorney's fees, etc. The new note was secured by the original vendor's lien, and in addition a deed of trust was executed in favor of the plaintiff with Charles Motz as trustee.

April 17, 1934, E. J. Minatree and wife conveyed the land to J. P. Gary, who, as part consideration, assumed the $450 note, etc.

This suit seeks to recover of E. J. Minatree and J. P. Gary the unpaid balance of said note, foreclose said liens, and establish the superiority of the plaintiff's debt and liens, as against other defendants.

Charles Motz waived service and answered that he was acting merely "in the capacity of a trustee" etc., under the deed of trust in which Mrs. Eula Stith was the beneficiary.

The Texas Wool & Mohair Company and Herman Diebitsch, its trustee, disclaimed any interest in the subject-matter of the suit, and asked for costs, etc. There is no dispute as to the unpaid balance of the note and the plaintiff was awarded judgment against E. J. Minatree and J. P. Gary, jointly and severally, for said amount, together with foreclosure of the liens on said land.

The trial court took notice of the disclaimers filed by the Wool & Mohair Company and Herman Diebitsch, its trustee, recited in the judgment that "the defendants Texas Wool & Mohair Company, a corporation, and Herman Diebitsch, trustee, have filed their answer herein disclaiming any right or interest in this suit or to the subject matter thereof, and disclaiming all right, title, or interest they or either of them may assert to the land in controversy in the suit * * * (and) ordered, adjudged and decreed * * * that Texas Wool & Mohair Company, a corporation, and Herman Diebitsch, Trustee, do recover of and from the plaintiff all costs by them incurred."

It is insisted by appellants that said judgment is not final, in that it does not dispose of defendants Texas Wool & Mohair Company and Diebitsch. We are of the opinion that the portion of the judgment set out above, taken in connection with the judgment as a whole, amounts to an express adjudication or disposition of their rights, if any, and in any event it must be held under authorities hereinafter cited that the court by the judgment dis-

posed of these parties by clear and necessary implications.

The same contention against the judgment is made as to the defendant Charles Motz, trustee. The judgment recites his appearance in the trial and in finding that the plaintiff was entitled to a judgment and foreclosure of the lien further recited " * * * that Charles Motz, trustee, not having exercised his right and powers of sale under said deed of trust, has no interest in said land or title thereto, but has waived all his powers under the deed of trust * * *." The judgment makes no further mention of Motz, but we think these recitations and the clear import of the judgment sufficiently dispose of him or any interest such trustee might have had or claimed in the subject-matter of the suit. Further, the record discloses, without dispute, that he had no other interest than as trustee for the plaintiff, who, as the payee in the note and beneficiary in the deed of trust, instituted this suit to foreclose the lien as against the only two defendants who had assumed the same, namely, E. J. Minatree and J. P. Gary.

The further contention is presented that the trial court erred in rendering judgment for 10 per cent attorney's fees, and a portion of the interest assessed, because it appears that the appellant J. P. Gary offered to pay, or tendered the amount of such note and interest before it was turned over to an attorney for collection, provided the holder of the note would deliver to him (Gary) the abstract of title relating to the land and a release of the indebtedness and lien, and the appellee refused to comply with such demand. In this connection, it is further assigned as error that the judgment as a whole is not final and appealable for the reason that it does not dispose of a cross-action presented by the appellant J. P. Gary in his answer to the merits of the cause.

Appellants' proposition relating to attorney's fees and interest is on the theory that the testimony shows conclusively that before the note was placed in the hands of an attorney for collection Gary tendered payment of the balance of the note, provided the appellee would deliver to him the abstract and release of the indebtedness, and appellee refused or failed to do so. Concerning the abstract, the defendant Gary alleged "that when the notes sued on * * were executed by E. J. Minatree that said notes were transferred and assigned to the plaintiff herein and the abstract of title to the property * * * was delivered to the plaintiff * * * and/or her agent and representative to be held until the notes were paid off." He alleged he made such tender and demanded release and return of abstract, etc.

It is the general rule that when an abstract is delivered to the holder of a note secured by a lien on land, and the indebtedness and lien is discharged, the abstract, with the papers relating to the lien, including a release, should be delivered to the true owner, and that would be as true in the case of an assignee or subsequent vendee as in the case of the original owner or holder. Harding v. Yarbrough, Tex. Civ.App., 293 S.W. 939. However, the appellee's reply to the above contention is that the evidence does not conclusively establish the matters contended for by the appellant Gary. In fact, the appellee insists that the evidence upon such questions is very much in dispute and that nowhere in the record can any proof be found that either of appellants, Gary or Minatree, ever delivered any abstract to the appellee, or to her predecessor in title, Will Stith, with any understanding that such abstract should be returned to anyone.

Gary admits in his testimony, that he did not deliver any abstract to the appellee or to anyone else, and he admits that he does not know whether Minatree did or not. The appellant Minatree, who was in a position to throw some light on the question concerning the abstract, did not appear and testify, nor were his depositions taken. Though a party defendant and duly cited, he made default in appearance. Neither did J. L. Minatree, who first purchased the land from Proctor, testify, and the appellee's testimony is to the effect that Gary did not at any time offer to pay the balance of the note or make tender of the same.

A careful examination of the testimony convinces us that the appellee's contention on the above questions is correct. The evidence is not conclusive (as contended for by the appellants), but conflicting and of such a nature as to warrant and support the judgment of the trial court, which is adverse to appellants on such points.

The appellant Gary in his answer on the merits presented a cross-action against the appellee for $75, alleged to be the value of the abstract which he alleged he was entitled to, and which he claims the appellee refused to return or deliver to him on his offer to pay the indebtedness,

·etc. It is insisted that the judgment nowhere disposes of this cross-action and for that reason fails to be a final judgment and appealable.

Under the above authority and those cited therein the failure to return an abstract, when the obligation to do so exists, becomes a proper matter of setoff in a suit of this kind. In the state of the testimony, as pointed out, the implied finding of the court that no such obligation existed was warranted by the trial court, but the question here presented is whether the judgment should be reversed and the appeal dismissed because of a lack of finality in the judgment in that it fails to dispose of the cross-action for $75.

The judgment on its face does not expressly dispose of this cross-action, but we think it does dispose of the same by necessary implication.

The Southern Pacific Co. v. Ulmer, Tex. Com.App., 286 S.W. 193, disposing of a contention attacking a judgment on the ground that it did not dispose of a party and thereby failed to be a final judgment from which an appeal could be prosecuted, held as follows:

"It is elementary, of course, that a judgment must dispose of all the parties and issues. And conflicts have arisen among the Courts of Civil Appeals as to whether or not the parties and issues may be disposed of by 'necessary implication.' But, our Supreme Court and Commissions of Appeals have uniformly adopted a liberal rule, and have held that a final judgment which, either expressly or by necessary implication, disposes of all the parties and issues is final. We think this judgment meets the test. * * * For cases illustrating judgments held final by necessary implication, we refer to Whitmire v. Powell, 103 Tex. 232, 125 S.W. 889; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Tennison v. Donigan (Tex.Com.App.) 237 S.W. 229; Lindsey v. Hart (Tex.Com. App.) 276 S.W. 199.

"In the first case cited, the subject-matter was the title to a tract of land. In disposing of the question of the finality of the judgment of that case, Chief Justice Gaines said:

" 'It is assigned as error that the Court of Civil Appeals erred in holding that there was a final judgment in the case. The judgment did not mention Mrs. Whitmire, and is not a decree for her. The subject-matter of the controversy is adjudged to others, and she gets nothing. This is a judgment against her.'

"The reasoning of the learned Chief Justice in above cause is exactly applicable to the case at bar. Here the entire subject-matter or recovery was awarded to the wife. The husband is not mentioned. It is a judgment against him.

"In the case of Trammell v. Rosen, supra, the Court of Civil Appeals (153 S.W. 164) held that the judgment was not final because it failed to expressly dispose of the appellant's cross-action. But our Supreme Court differed with the Court of Civil Appeals, and adopted the more liberal rule, and held that the judgment was final. In the course of its opinion, the Supreme Court speaks as follows:

" 'Upon that issue there have long been, in this state, two well-defined and sharply conflicting lines of decisions by Courts of Civil Appeals. Such conflict arises, principally, it seems, upon the construction given to article 1994, Revised Statutes 1911 [Art. 2211, Vernon's Ann.Civ.St.], relating to the form of judgments of district and county courts; those Courts of Civil Appeals who adhere to a strict rule of construction in the premises holding that a judgment which does not, in express terms, specifically dispose of a cross-action or counterclaim is not a final judgment, such as will support an appeal, and those who adhere to a more liberal rule of construction holding that a judgment may be final even though it disposes of such cross-action or counterclaim by necessary implication only, without expressly mentioning it.'

"We followed the rule laid down in the Trammell v. Rosen Case, supra, in our opinion in the case of Tennison v. Donigan, supra. We reversed the Court of Civil Appeals in that case, and held the judgment final."

From the foregoing opinion, and those to follow, it clearly appears that the judgment by necessary implication is adverse to the appellants upon such cross-action, and is final. De Zavala v. Scanlan, Tex.Com. App., 65 S.W.2d 489; Tennison v. Donigan, Tex.Com.App., 237 S.W. 229; Adcock v. Shell, Tex.Civ.App., 273 S.W. 900, writ refused; Prim v. Latham, Tex.Civ.App., 6 S.W.2d 173, writ refused; Fulks v. Smith, Tex.Civ.App., 25 S.W.2d 221, writ refused; Duke v. Gilbreath, Tex.Civ.App., 2 S.W.2d 324; Bullock v. Englert, Tex.Civ. App., 125 S.W.2d 663; Humble O. & R. Co. v. Johnston, Tex.Civ.App., 5 S.W.2d

836; Dallas Ry. & T. Co. v. Sutherland, Tex.Civ.App., 27 S.W.2d 830.

For the reasons assigned, and upon the authorities cited, the judgment of the trial court is affirmed.